## Williams v. Ben Williamson & Co.

(Decided Feb. 15, 1935.)

J. P. HOBSON, Jr., for appellant.

STRATTON & STEPHENSON and BROWNING & DAVIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The trial court directed a verdict against the plaintiff, and he appeals.

Plaintiff sued Ben Williamson Hardware Company, Incorporated, and J. C. Wall upon an account upon which he claimed there was a balance due him, of $1,170.10. J. C. Wall was not made an appellee, so we shall mention him no more.

The corporate defendant answered that its correct name is "Ben Williamson & Company," and it has

since been so styled in this record. Its name as given in its articles of incorporation is "Williamson (Ben) & Co." We shall simply call it Williamson.

In 1932 Pike county was preparing to rebuild its courthouse. Plans and specifications had been prepared and contractors were studying them and preparing bids for submission. Among these was the plaintiff, who was figuring on installing the heating system.

In these plans this is found:

"Old Material. The present boiler and pipe fittings shall become the property of the heating contractor and he shall remove the same from the premises.

"Definition of terms. When the words, 'heating contractor' are used they mean the party, firm, or corporation that has agreed to furnish all labor and all materials contemplated by these specifications and the accompanying drawing."

Plaintiff says he and Williamson interpreted that to mean that if they together furnished all labor and materials for installation of the new heating system they would be entitled to the salvage from the old one, and they agreed, so he testified, to collaborate in the preparation of their bids, and that Williamson agreed to pay plaintiff a commission of 5 per cent. upon what might be paid Williamson for materials and would give him the salvage from the old plant, would see plaintiff was not delayed on account of materials, and it is for this commission, for loss caused by delay, for this salvage and some other minor items that plaintiff sued Williamson.

The plaintiff says this contract with Williamson was oral and that they did collaborate and did submit bids together. These were written on paper torn from a calendar and were simply:

Williamson & Co. material ..................$7,592.60
T. H. Williams labor ...................... 1,600.00

$9,192.60

They were successful bidders. Later they entered into separate written contracts with the J. H. Justice Building Company (the general contractor) by which

plaintiff agreed to do the labor for $1,600 and Williamson to furnish the materials for $7,592.60. Into these written contracts there was merged all the previous oral conversations between the general contractor and Williamson and between the general contractor and Williams; but as there was no written contract between Williams and Williamson, the oral contracts between them were left unaffected. The trial court erroneously concluded otherwise and hence directed verdict for defendants.

Appellee now urges the directed verdict was right because the proof shows these contracts were made with the J. H. Justice Building Company, whereas the plaintiff had alleged they were made with the Campbell Johnson Construction Company; hence it is urged there was a material variance. That part of the petition was only put in to identify the work these parties were doing together, which work is thoroughly identified by a description of the work itself, and this error in name does not affect the real question before us, which is: What effect do the separate written contracts of these parties with Justice Building Company have upon an entirely distinct oral contract between Williams and Williamson? The answer is: "None."

Williams is not a party to the written contract between Justice Building Company and Williamson, and vice versa. Each of these litigants is a stranger to the written contract made by the other with the Justice Building Company. The parol evidence Williams offered related to his oral contract with Williamson and not to the written contracts of either with the Justice Building Company.

The court erred in directing a verdict against plaintiff, and for that this judgment is reversed, and plaintiff is awarded a new trial.